# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THE ESTATE OF DESTINY MARIE MALLON,**
        **Plaintiff,**

    v.                                                      **Case No. 09C0296**

**SUE KOCH, RN, et al.,**
        **Defendants.**

---

## DECISION AND ORDER

The plaintiff in this § 1983 action is the Estate of Destiny Marie Mallon, who was a twenty-four year old mentally disabled female who died on April 15, 2006 while in the custody of the Winnebago Mental Health Institute ("WMHI"), a state institution. The defendants are sixteen WMHI employees. The complaint is lengthy but essentially alleges that defendants are liable to plaintiff because they provided Destiny with "unconstitutionally inadequate health care which involved the wanton and unnecessary infliction of pain, mental anguish and her eventual death." Plaintiff alleges that defendants failed to provide adequate care for Destiny in a number of respects, including addressing her sleep apnea, severe weight gain and diminished red blood cell count. Plaintiff also alleges that defendants could have prevented her death had they paid greater attention to her weakening condition in the days leading up to her death.

Before me now is defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In order to survive defendants' motion, plaintiff's complaint must give defendants fair notice of the nature of the claim and the grounds underlying it and

plausibly suggest that plaintiff has a right to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In evaluating defendants' motion, I take all facts in the light most favorable to plaintiff and draw all inferences in plaintiff's favor. Tamayo v. Blagovech, 526 F.3d 1074, 1091 (7th Cir. 2008). A complaint need not identify a legal theory, and specifying an incorrect theory is not fatal. Williams v. Seniff, 342 F.3d 774, 792 (7th Cir. 2003).

The due process clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." Zinermon v. Burch, 494 U.S. 113, 125 (1990). When a state deprives a person of his ability to care for himself by committing him involuntarily, it assumes an obligation to provide some minimum level of well-being and safety. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 198- 200 (1989). In Youngberg v. Romeo, 457 U.S. 307 (1982), the Supreme Court held that under the due process clause of the Fourteenth Amendment, an institutionalized person in state custody "enjoys constitutionally protected interests in conditions of reasonable care and safety . . .." Id., 457 U.S. at 324.

Plaintiff's complaint survives defendants' motion. It puts defendants on notice of the nature of plaintiff's claim, and it plausibly suggests that plaintiff has a right to relief. The fact that the complaint identifies the Eighth Amendment rather than the Fourteenth as the source of the rights plaintiff claims defendants violated is not fatal to the lawsuit.

Therefore,

**IT IS ORDERED** that defendants' motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge

3